## NEWPORT COUNTY.

CITY OF NEWPORT

*vs.*

OLD COLONY STEAMBOAT COMPANY.

Jury Trial Waived, No. 187.

EVIDENCE OF TITLE; NEGLIGENCE; RIGHT OF SUPPORT FROM ADJACENT LAND.

RESCRIPT.

*Filed May 20, 1896.*

PER CURIAM. The pleadings raise no question of title. The possession of the city, in the absence of any proof as to title, is sufficient to maintain the suit. *Prior* v. *Comstock*, 17 R. I. 1.

Assuming the right of the defendant to dredge to its own line, it must still keep within the limit of the natural support of the soil of the adjacent land. We think that the preponderance of the evidence shows that the dredging must have been so close to the plaintiff's wharf as to dig away the soil in which the ends of some of the piles were imbedded. This is evidenced by the fact that some of the piles were loose and swinging. It is claimed by the defendant that the injury was caused by the insufficiency of the structure. We do not think that this was the fact. The foundation of the struc-

ture was examined by the city's engineer in 1890, when it was fully exposed, and when he had ample opportunity to make the examination. He considered it sufficient. And it also appears that the same sort of a structure, having a larger number of piles it is true, but perhaps on account of the greater weight to be sustained, has recently been built by the defendant. It further appears that the structure had stood for five years without showing signs of weakness, and the fact that its fall was coincident with the dredging naturally leads to the belief that the dredging must have been the cause, rather than a weakness of the structure. As the fall of the structure was occasioned by the negligent or improper dredging by the defendant, the case in this respect is similar to *Pomroy* v. *Granger*, 18 R. I. 624. The testimony on the part of the defendant was that its intention was to dig a channel fourteen to sixteen feet deep, leaving a bank, the bottom of which should be fifteen feet from the wall of the plaintiff's wharf, and at the top from three to five feet, and sloping at an angle of forty-five degrees. If this had been done, we do not think, and there is no evidence to show, that the piles would have become loose, as it is testified they did.

We give judgment for the plaintiff for its claim and costs.

*William P. Sheffield, Jr.*, for plaintiff.

*William P. Sheffield*, for defendant.